UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAMELA PEARCE,

    Plaintiff,

vs.                                       CASE NO. 3:05-cv-217-J-TEM

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,

    Defendant.

_____

## O R D E R

Plaintiff's counsel in this Social Security case has filed Plaintiff's Uncontested Petition for Award of Attorney Fees Under to 42 U.S.C. § 406(b) (Doc. #19). Plaintiff's counsel, Erik W. Berger, seeks an award under a contingency fee contract for twenty-five percent of the past due benefits Plaintiff was awarded in this case. Plaintiff's counsel represents Defendant's counsel has no objection to the amount sought in the petition. *Id.* at 4. To date, the Commissioner has not filed a response to the instant motion and the matter is ripe for the Court's consideration.

### *History of case*:

Plaintiff first filed for Disability Insurance Benefits on September 12, 2000, asserting her disability began August 20, 1998 (Doc. #12 Plaintiff's Memorandum, at 2).[1] Mr. Berger began representation of Plaintiff while the initial application for benefits was pending (Doc.

---

[1] As the transcript of the underlying administrative proceeding is not available for public review on the record, the Court has relied on the schedule of events as presented in the Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #12).

#19 at 1). After being denied initially, and on reconsideration, a hearing was held on December 11, 2002 (Doc. #12 at 2). The Administrative Law Judge (ALJ) issued an unfavorable decision on April 17, 2003, and the Appeals Council denied review on November 14, 2003. *Id.* Plaintiff then filed an appeal with the Court in the Middle District of Florida, Jacksonville Division, which reversed and remanded the case, at request of the parties under sentence four of 42 U.S.C. § 405(g), on November 2, 2005. *See* Docs. #13 and #14. Pursuant to the Equal Access to Justice Act (EAJA), this Court awarded Plaintiff's counsel $2,539.46 in attorneys fees on January 24, 2006 (Doc. #17).

Subsequent to the sentence four remand, a supplemental hearing was held and Plaintiff was ultimately awarded Social Security disability benefits for a closed period of time. (Doc. #19 at 2). Plaintiff's counsel advises he further developed and updated his client's file, and attended the additional administrative hearing. *Id.* Plaintiff's Notice of Award was dated October 31, 2007 (Doc. #19 at 14).

Plaintiff was notified that she would receive a check for past due benefits in the amount of $46,247.25.[2] (Doc. #19 at 14-18). Withheld from Plaintiff's past due benefits payment was twenty-five percent of the total benefit award in the amount of $15,415.75, which was reserved for attorney fees. *Id.* Plaintiff's counsel has petitioned the presiding ALJ for administrative attorney fees in the amount of $5,300 for twenty (20) hours of work at the administrative level (Doc. #19 at 2). The petition for attorney fees from the administrative phase of this case remains pending. *Id.*

---

[2]The Court notes Plaintiff's first disability check of $46,247.25 plus the withheld $15,415.75 results in a total past due benefits award of $61,663.

Relevant to the instant motion is the contingent fee agreement Plaintiff entered into with attorney Erik W. Berger on September 20, 2000.[3] Terms of the fee agreement specify in relevant part:

> If the [claim] is denied by the ALJ, and an appeal is filed by [my attorney], and the claim is awarded following that appeal I agree to pay a fee of 25% of my past due benefits, even if that amount is greater than $4,000.00.  In that event,[my attorney] would be required to submit a petition for fees to the Social Security Administration and/or Federal Court and a copy of same will be sent to client.

(Doc. #19 at 7-8).

### *Analysis*

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which shall not exceed twenty-five percent of the past-due benefits awarded.  Therefore, in such cases, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The attorney "must show that the fee sought is reasonable for the services rendered."  *Id.*  Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).  However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused  by the attorney, the quality

---

[3]Mr. Berger, Plaintiff's counsel, was previously associated with the law firm of Eason & Peirce, Attorneys at Law.  There has been no entry in the record to suggest the agreement is not in full force as to the specifically named attorney, Mr. Erik W. Berger.

3

of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing.  *Id.*; *see Gisbrecht*, 535 U.S. at 808.  An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee."  *Gisbrecht v. Barnhart,* 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits).

     The *Gisbrecht* Court said downward adjustments can be made if the benefits are large in comparison to the amount of time counsel has spent in the case to prevent windfalls.  *Id.* at 808.  Here, Plaintiff's counsel has stated he spent seventeen (17) hours representing Plaintiff in the federal court action and twenty (20) hours representing Plaintiff at the administrative level.  Having reviewed the record, the Court finds the requested fee to be somewhat large in relation to the amount of time spent on the case.

     Nonetheless, Plaintiff and his counsel agreed that attorney's fees would not exceed twenty-five percent of the past-due benefit awarded.  The amount sought by counsel in the instant motion for work in federal court is $10,115.75, an amount which does not exceed twenty-five percent of the past-due benefits awarded when added to the sought $5,300 for administrative attorney fees under § 406(a).  Counsel spent 17.00 hours representing Plaintiff in federal court (*see* Doc. #16), which equates to an amount per hour of $595.04.  The instant motion does not indicate counsel's normal hourly fee.  However, the Court has noted that $250 per hour constitutes a normal hourly rate for Social Security appeals within this district, and multipliers for the contingency nature of these cases range up to 2.5 times the normal rate.

This Court has previously cited with approval the case of *Ellick v. Barnhart*, 445 F.Supp. 2d 1166, 1168 (C.D. Cal. 2006), where the court analyzed forty-three reported post-*Gisbrecht* decisions and concluded in twenty-three cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning; in eight cases the attorneys had requested fees which were less than twenty-five percent and the courts had approved those requests; and, in twelve cases the courts reduced requested fees. *Id.* at 1168-71. Of the cases in which fees were reduced to less than twenty-five percent of the awarded benefits, two courts used *de facto* hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, and in five cases the fees were reduced drastically without precise explanation.

The Court's review of this case under the factors referenced in *Gisbrecht* and considering the relative risk of loss in accepting a social security case,[4] reveals as follows:

1. Social Security is one of the primary areas of counsel's law practice.

2. Counsel began representing Plaintiff while the case was at the initial phase of the administrative review and consideration. The case spans several years and includes medical records dating back to 1998. Counsel filed a fifteen (15) page memorandum of law in support of his client's position. The memorandum ultimately was persuasive to the requested sentence four remand.

---

[4]The Court notes that in the Eleventh Circuit's consideration of a reasonable fee under the lodestar method, one of the twelve factors examined was "the undesirability of the case." *Kay v. Apfel*, *supra*, 176 F.3d at 1327. Given the nature of Social Security cases, that seems an appropriate factor even under a *Gisbrecht* analysis. The factor also could be viewed as the substantial risk of loss at the time the case was undertaken.

3. The record available to the Court does not evidence any delays caused by Plaintiff's counsel. Indeed, the time line of events in this case suggests that no unreasonable delays occurred.

4. Counsel reportedly spent 37 hours working on the case, 20 hours in the administrative phases and 17 hours in proceedings before the district court, an amount of time the Court considers very reasonable based on the complexity of the case.

5. Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level. However, in this case, counsel's risk of loss was not so great because he entered the case early on during the preliminary application stage and was fully aware of the strengths and weaknesses from the beginning. Those counsel who, on the other hand, first enter the case at the district court level, take a case that has previously lost at four administrative levels.

6. As stated above, counsel's normal hourly rate for cases of a non-contingency nature is not known. However, a baseline figure of $250 per hour has been found reasonable for social security appeals within this district. Courts have applied multipliers to the hourly rate ranging from nothing to 2.5, in order to account for the contingency nature of social security appeals. In this action, a multiplier of 2.5 to the hourly rate of $250 would result in a total fee award for federal court representation of $10,625. Notably, the sought fee is less than this amount and Defendant has not opposed the sought fee.

*Conclusion*

Considering all of the factors in the case, the Court finds the requested fee is reasonable under the direction of *Gisbrecht*. The Uncontested Petition for Award of

Attorney Fees under 42 U.S.C. § 406(b) (Doc. #19) in the amount of $10,115.75 is **GRANTED**.  However, as required under the statute and *Gisbrecht*, counsel must refund to the Plaintiff the amount of $2,539.46 representing the EAJA fees previously awarded counsel (Doc. #17).

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of January, 2008.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge